IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| | * | |
| G&G CLOSED CIRCUIT EVENTS, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No. MJM-24-2681 |
| v. | * | |
| | * | |
| SANGRIA LLC, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

This matter is before the Court on defendants Ricardo R. Jones's and Bernice Cuevas's (collectively, "Defendants")[1] motion for extension of time to file a responsive pleading, ECF No. 45; plaintiff G&G Closed Circuit Events, LLC's ("Plaintiff") motions for entry of default as to each of these Defendants, ECF Nos. 37 & 38; and Plaintiff's motion to strike Defendants' affirmative defenses, ECF No. 43. On October 30, 2025, this Court vacated entries of default against Defendants and gave them a deadline of November 27, 2025, to file a response to Plaintiff's Complaint. ECF No. 31. Defendants did not file an Answer until December 23, 2025. ECF No. 39. In their Answer, Defendants deny certain allegations made in the Complaint and provide a list of defenses under the header "AFFIRMATIVE DEFENSES." *Id.* Before Defendants filed their Answer, Plaintiff renewed its motion for entry of default as to each Defendant. ECF Nos. 37 & 38. After the Answer was filed, Plaintiff moved to strike the affirmative defenses listed therein as inadequately pled and prejudicial. ECF No. 43. On May 1, 2026, the Court entered an Order directing Defendants to file a motion for extension of time to justify the late filing of their Answer. ECF No. 44. Defendants filed this motion on May 26,

---

[1] While this case involves several other named defendants, the only defendants relevant to the pending motions are Ricard R. Jones and Bernice Cuevas.

1

2026, ECF No. 45,[2] along with a response in opposition to Plaintiff's motion to strike, ECF No. 46. Plaintiff has not opposed the motion for extension of time.

No hearing is necessary to resolve the pending motions. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, this Court GRANTS Defendants' Motion for Extension of Time, ECF No. 45; DENIES the Plaintiff's Motion for Entry of Default, ECF Nos. 37 & 38; and GRANTS Plaintiff's Motion to Strike Affirmative Defenses, ECF No. 43.

## I.    Defendants' Motion for Extension of Time, and Plaintiff's Motions for Entry of Default

In their Motion for Extension of Time, Defendants argue that the late filing of their Answer is justified by good cause. ECF No. 45. Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that a court "may, for good cause, extend the time" in which "an act may or must be done" "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Findings of good cause and excusable neglect are "within the Court's discretion." *Lewis v. Prince George's Cnty. Bd. Of Educ.*, Civ. No. JKB-21-2720, 2023 WL 4551866 at *5 (D. Md. July 13, 2023). To ascertain whether a delay in filing is excusable, courts consider "all relevant circumstances surrounding the party's omission." *Dwonzyk v. Balt. Cnty.*, 328 F.Supp.2d 572, 577 (D. Md. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, Defendants attribute their failure to file a timely responsive pleading to efforts Ricardo R. Jones, Jr. and co-defendant Ricardo A. Jones made to obtain counsel to represent Defendants in this matter and prospective counsel's delayed response to these efforts. ECF No. 45 ¶¶ 2, 3. Defendants claim that that they "reasonably believed the matter was being handled and were unaware that no responsive pleading had been filed until after the deadline passed." *Id.* ¶ 4. "Upon learning of the issue, Defendants acted promptly and in good faith to address

---

[2] This motion further requests that any default against Defendants be set aside, but no default is presently entered against either Defendant, so this request is denied as moot.

the matter and seek relief from this Court." *Id.* ¶ 5. Because the delay in filing was due to difficulty in finding and communicating with prospective counsel, this Court finds Defendants' late filing of their Answer to be justified by good cause and excusable neglect. *See Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006). Defendants' Motion for Extension of Time is granted, and the Court accepts Defendants' late-filed Answer to the Complaint.

Likewise, Plaintiff's motion for entry of default as to each Defendant is denied. Rule 55(a) of the Federal Rules of Civil Procedure provides that a defendant's default must be entered when the defendant fails to plead or otherwise present a defense in a civil action "and that failure is shown by affidavit or otherwise[.]" The Fourth Circuit has made it clear "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preportory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). "Given this policy, this Court has several times denied motions for entry of default when the defaulting party has subsequently filed an untimely answer or responsive pleading and the moving party suffered no prejudice." *J. Noble Group, LLC v. Allen*, Civ. No. BAH-22-1618, 2024 WL 5103435 at *1 (D. Md. May 9, 2024) (citing cases). Importantly, delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preportory Academy*, 616 F.3d at 418. In the instant case, Plaintiff has not shown any prejudice based on Defendants' late filing of their responsive pleading. Defendants have now responded to the Complaint, denied allegations contained therein, and asserted certain defenses. Therefore, entry of default would be inappropriate.

## II.    Plaintiff's Motion to Strike Affirmative Defenses

Plaintiff moves to strike affirmative defenses set forth in Defendants' Answer. Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking portions of a pleading is "a drastic remedy[,]" and, accordingly, motions to strike are "generally viewed with

disfavor." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). However, "if a movant can show that a defense clearly is insufficient, the court should grant the motion to strike." *Racick v. Dominion Law Associates*, 270 F.R.D. 228, 232 (E.D.N.C. 2010). The court "enjoys wide discretion in determining whether to strike an affirmative defense under Rule 12(f) in order 'to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.'" *Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 336 (D. Md. 2012) (quoting *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 649 (D. Kan. 2009)). Here, Plaintiff moves to strike the affirmative defenses listed in Defendants' Answer as insufficiently pled. ECF No. 43 at 2–4.

Rule 8 of the Federal Rules of Civil Procedure requires a responsive pleading to "state in short and plain terms its defenses to each claim asserted against it[,]" Fed. R. Civ. P. 8(b)(1)(A), and to state "affirmatively . . . any . . . affirmative defense," Fed. R. Civ. P. 8(c)(1). Most courts in this District have determined that the pleading of an affirmative defense "must meet the 'plausible pleading' standard established by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)[,] and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Small Bus. Fin. Sols., LLC v. Cavalry, LLC*, Civ. No. DKC-22-1383, 2023 WL 284449, at *9 (D. Md. Jan. 18, 2023); *see also Jones v. Aberdeen Proving Ground Fed. Credit Union*, Civ. No. ELH-21-1915, 2022 WL 2703825, at *3 (D. Md. July 12, 2022); *McCoy v. Transdev Servs., Inc.*, No. CV DKC 19-2137, 2022 WL 951996, at *24 (D. Md. Mar. 30, 2022). This standard requires "more than 'labels or conclusions[;]'" it requires facts to demonstrate that the defense is "plausible on its face." *McCoy*, 2022 WL 951996, at *24 (citing *Twombly*, 550 U.S. at 555, 570). To be sure, some courts in this District have found that the plausibility standard does not apply to the pleading of affirmative defenses. *See, e.g.*, *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 594–95 (D. Md. 2013); *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387–88 (D. Md. 2014). It is well established, however, that the pleading of an

4

affirmative defense must, at the very least, provide "fair notice of the nature of the defense[.]" *Guessford v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 918 F. Supp. 2d 453, 468 (M.D.N.C. 2013) (quoting *Clem v. Corbeau,* 98 Fed. Appx. 197, 204 (4th Cir. 2004)).

Here, Defendants' defenses are set forth in a list under the header "AFFIRMATIVE DEFENSES" without any facts or explanation—indeed, without even a complete sentence— to support them.[3] This conclusory and bare-bones list fails to put Plaintiff on "fair notice of the nature of" Defendants' asserted defenses, *Guessford*, 918 F. Supp. 2d at 468 (M.D.N.C. 2013) (citation omitted), and it falls short of the plausibility standard most courts in this District have applied to affirmative defenses, *see McCoy*, 2022 WL 951996, at *24. Failing to provide fair notice to Plaintiff, the listed defenses are clearly insufficient.

Generally, courts are "not inclined to employ the 'drastic remedy' of striking defenses, . . . unless the movant can 'demonstrate that [it] will be prejudiced if the defense is not stricken.'" *Jones*, 2022 WL 2703825, at *3 (first quoting *Waste Mgmt. Holdings*, 252 F.3d at 347, and then quoting *Miller v. Live Nation Worldwide, Inc.*, Civ. No. TDC-14-2697, 2015 WL 235553, at *3 (D. Md. Jan. 15, 2015)). Still, this Court is not aware of any "binding authority to support the proposition that a showing of prejudice is absolutely mandatory in every case." *Small Bus. Fin. Sols.*, 2023 WL 284449, at *8. Here, Plaintiff argues that it will be prejudiced by "further litigation" if the defenses are not stricken. ECF No. 43 at 4–5. While "further litigation" can be expected to arise from the assertion of virtually any defense, this Court does find that Plaintiff is unfairly prejudiced by the lack of fair notice as to the grounds for the defenses listed in Defendants' Answer. The Court expects that Plaintiff may be forced to expend unnecessary time and resources in discovery probing Defendants' vague and confusing

---

[3] The Court notes that several of the listed defenses do not appear to be affirmative defenses at all and, instead, appear to be negative defenses. A negative defense "is one that denies or 'directly contradict[s] elements of the plaintiff's claim for relief[,]'" while an affirmative defense asserts "new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." *Jones*, 2022 WL 2703825, at *6 (citations omitted).

assertions without the level of clarity required by basic notice pleading of the defenses in Defendants' list. *See Jones*, 2022 WL 2703825, at *3 ("A movant can demonstrate prejudice by showing that, for example, inclusion of the defense will affect the scope of discovery.") (citations omitted). Striking Defendants' vague and conclusory list of defenses and requiring clarification will serve to "minimize . . . confusion by narrowing the issues for discovery and trial." *Haley Paint Co.*, 279 F.R.D. at 336 (citation omitted).

For the foregoing reasons, Plaintiff's motion to strike is granted, and the defenses listed in Defendants' Answer are stricken. Defendants shall have an opportunity to amend their responsive pleading to provide more facts and/or argument in support of their defenses.

## III.    Conclusion

It is this 10th day of July, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Plaintiff's Motion for Entry of Default as to Ricardo R. Jones (ECF No. 37) and Motion for Entry of Default as to Bernice Cuevas (ECF No. 38) are DENIED;

2.  Defendants' Motion to Set Aside Default (ECF No. 45) is DENIED as moot;

3.  Defendants' Motion for Extension of Time to File Responsive Pleading (ECF No. 45) is GRANTED;

4.  Plaintiff's Motion to Strike Defendants' Affirmative Defenses (ECF No. 43) is GRANTED and the list of affirmative defenses is STRICKEN;

5.  Defendants Richard R. Jones, and Bernice Cuevas SHALL FILE any amended answer to the Complaint no later than **July 31, 2026**; and

6.  The Clerk SHALL SEND a copy of this Order to counsel for Plaintiff and to Defendants Ricardo A. Jones, Richard R. Jones, and Bernice Cuevas.

/S/_____

Matthew J. Maddox

United States District Judge

6